UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEGAN CZERWINSKI,

       Plaintiff,

v.

SHARON GALLAGHER,

       Defendant.

Case No. 2:20-cv-12091

Paul D. Borman
United States District Judge

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 35)

### I. Statement of Facts

In the summer of 2019, Defendant Sharon Gallagher was trying to find renters for the single-family home that she owned at 28980 Rosslyn Avenue in Garden City, Michigan ("the Property"). (ECF No. 35-1, PageID 273; ECF No. 35-2.) Gallagher had put a "for rent" sign in the Property's window and also posted the Property on Trulia (a subsidiary of Zillow). (ECF No. 35-1, PageID 273; ECF No. 35-3, PageID 282.)

On July 1, Plaintiff Megan Czerwinski e-mailed Gallagher, through Trulia, "I am interested in this rental and would like to schedule a viewing. Please let me know when this would be possible. Can I See more pictures of the inside of the house first please?" (ECF No. 35-2, PageID 279.) The following e-mail exchange ensued:

> [*Gallagher*:] Tell me something about yourself and who will be living in the house? Any Pets,

1

[*Czerwinski*:] Also, I am a teacher. I work online from home & enjoy it a lot!
My boyfriend does landscaping.

[*Gallagher*:] Won't be in the area anytime soon. I'll send you a text for walk thru time

[*Czerwinski*:] Okay. Please let me know when you will be around. We are looking to move around the week of the 20th.
We are currently renting a house already on Rosslyn and have been here for almost two years. Our daughter is almost 2 years old.
We are going to need to find a new place because the house will be sold in a foreclosure auction soon.

[*Gallagher*:] I can show you the property. Looking for tenants with no children.

[*Czerwinski*:] That seems prejudice to me. Why?

I'm pretty sure that's discrimination and you could be sued for that!
You might want to watch what you say In an e-mail.

Now I definitely don't want to rent from you. How rude!

[*Gallagher*:] Thanks for the heads up but this is an empty nesters property only. Good luck

[*Czerwinski*:] Oh well good luck to you too because I reported you to Michigan fair housing authority!
You might want to look into landlord tenant rental laws before you so rudely descriminate! What is your problem with children anyhow?

Rude!!

[*Gallagher*:] What a waste of time. I'm not a company and the laws don't apply to individuals.

(ECF No. 35-2, PageID 276–79) (email headers and sign-offs omitted; typos original).[1]

## II. Procedural History

On August 4, 2020, Czerwinski sued Gallagher in this Court for discriminating against her based on her familial status. Specifically, Czerwinski claims that Gallagher has violated the Fair Housing Act ("FHA") under 42 U.S.C. § 3604(a)–(d) and the Michigan Elliot-Larson Civil Rights Act ("ECLRA") under M.C.L. § 37.2502(a)–(f). (ECF No. 1, PageID 6–8.)

Czerwinski filed the Amended Motion for Summary Judgment that is now before the Court on April 27, 2022. (ECF No. 35.) Gallagher responded on May 18, 2022. (ECF No. 36.) And Czerwinski replied on June 6, 2022. (ECF No. 37.)

The Court finds that the briefing adequately addresses the issues in contention and dispenses with a hearing pursuant to E.D. Mich. L. R. 7.1(f)(2).

## III. Legal Standard

Summary judgment is appropriate where the moving party demonstrates that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of a motion for summary judgment where proof of that fact 'would have [the] effect of

---

[1] Gallagher does not dispute that this email exchange, which Czerwinski attached to her Motion for Summary Judgment, occurred as stated here.

establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties.'" *Dekarske v. Fed. Exp. Corp.*, 294 F.R.D. 68, 77 (E.D. Mich. 2013) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). And a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

"In deciding a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party." *Perry v. Jaguar of Troy*, 353 F.3d 510, 513 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Still, the non-movant must produce enough evidence to allow a reasonable jury to find in her favor by a preponderance of the evidence. *Anderson*, 477 U.S. at 252. And the Court may only consider evidence that could be presented in a form that would be admissible at trial. *See Alexander v. CareSource*, 576 F.3d 551, 558–59 (6th Cir. 2009).

"The 'mere possibility' of a factual dispute does not suffice to create a triable case." *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 576 (6th Cir. 2004) (quoting *Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). Rather, "the non-moving party must be able to show sufficient probative evidence [that] would permit a finding in [her] favor on more than mere speculation, conjecture, or fantasy." *Arendale v. City of Memphis*, 519 F.3d 587, 601 (6th Cir. 2008) (quoting *Lewis v.*

4

*Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)). "The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Davis v. McCourt*, 226 F.3d 506, 511 (6th Cir. 2000) (internal quotation marks and citations omitted). In other words, "'[t]he central issue is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010) (quoting *In re Calumet Farm, Inc.*, 398 F.3d 555, 558 (6th Cir. 2005)).

## IV. Analysis

In her Motion for Summary Judgment, Czerwinski asks the Court to 1) "Declare that as a matter of law, liability lies with the Defendant, Gallagher as to violations of the Fair Housing Amendments Act 42 U.S.C §3604(c);" 2) "Declare that as a matter of law 42 U.S.C. § 3603(b)(1) does not apply to the conduct of Defendant Gallagher towards Plaintiff Czerwinski and that Gallagher cannot claim such an exemption; and" 3) "Grant Plaintiff, Ms. Czerwinski, all other relief to which she is entitled." (ECF No. 35, PageID 268.)[2] For the reasons that follow, the Court will **GRANT** Czerwinski's Motion.

---

[2] Czerwinski also moved for summary judgment "[u]nder M.C.L. 37.1502(1)(f)" in her *Reply* brief. (ECF No. 37, PageID 326.) But this was too late; because Czerwinski did not discuss this statute in her *Motion* for Summary Judgment, the Court will not consider it here. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("[W]e have found issues to be waived when they are raised for the

**A. Gallagher violated 42 U.S.C. § 3604(c).**

42 U.S.C. § 3604(c) of the Fair Housing Act ("FHA") makes it unlawful to:

> make, print, or publish, or cause to be made, printed, or published any
> notice, statement, or advertisement, with respect to the sale or rental of
> a dwelling that indicates any preference, limitation, or discrimination
> based on race, color, religion, sex, handicap, familial status, or national
> origin, or an intention to make any such preference, limitation, or
> discrimination.

"[T]o further the remedial purpose of the FHA," courts have construed § 3604(c)

"broad[ly]." *Campbell v. Robb*, 162 F. App'x 460, 466 (6th Cir. 2006) (citing *Hous.*

*Opportunities Made Equal, Inc. v. Cincinnati Enquirer, Inc., a Div. of Gannett Co.,*

*Inc.*, 943 F.2d 644, 646 (6th Cir. 1991)). The Sixth Circuit requires Plaintiffs suing

under this provision to show three things: 1) that the Defendant made a "statement";

2) that that statement "indicate[d] any preference, limitation, or discrimination"

based on a category protected by the FHA; and 3) that the statement "w[as] made

---

first time in motions requesting reconsideration or in replies to responses."); *Hamilton v. Astrue*, No. 09-cv-260, 2010 WL 1032646, at *6 (N.D. Ohio Mar. 17, 2010) ("[I]t is well-established that a reply brief is not the proper place to raise new arguments. A reply brief is a plaintiff's opportunity to respond to arguments raised for the first time in the defendant's brief. A plaintiff cannot wait until the reply brief to make new arguments, thus effectively depriving the opposing party of the opportunity to expose the weaknesses of plaintiff's arguments." (internal citations omitted)); *Abraitis v. United States*, No. 11-cv-2077, 2012 WL 2885586, at *1 (N.D. Ohio July 13, 2012) (stating that a movant had "waived the new evidence and argument set forth in his reply," and noting that "[p]ermitting a sur-reply or oral argument," rather than disregarding the new material, "is disfavored").

with respect to the sale or rental of a dwelling." *Id.* at 466–67 (internal alteration and quotation marks omitted).

*Arguments*

Czerwinski argues that Gallagher violated § 3604(c) when she sent "the emails that all can agree were sent by [her], in which [she] wrote that she was looking for 'tenants with no children' and that the property 'was an empty nesters property only.'" (ECF No. 35, PageID 261.) Czerwinski asserts that these emails qualify as "statements." (ECF No. 35, PageID 263) (citing *Greater New Orleans Fair Hous. Action Ctr. v. Kelly*, 364 F. Supp. 3d 635, 654 (E.D. La. 2019); *H.U.D. v. Gruzdaitis*, No. 02-96-0377-8, 1998 WL 482759, at *4 (H.U.D.O.H.A. Aug. 14, 1998); and *Inclusive Cmtys. Project, Inc. v. Texas Dep't of Hous. & Cmty. Affs.*, 747 F.3d 275, 282 (5th Cir. 2014)). She avers that the emails indicate discrimination based on "familial status." (ECF No. 35, PageID 262.) And she contends that the statements were made in connection with Gallagher's rental of the Property. (ECF No. 35, PageID 262–65) (citing *Cox v. City of Dallas*, 430 F.3d 734, 741 (5th Cir. 2005) and *Treece v. Perrier Condo. Owners Ass'n, Inc.*, No. 17-10153, 2019 WL 6464984 (E.D. La. Dec. 2, 2019)).

Gallagher does not directly respond to this argument. Instead, she devotes her entire Response to arguing that she is exempted from liability by § 3603(b)(1). The Court will address that argument in the next section.

*Analysis*

The Court finds that, even viewing the facts in the light most favorable to Gallagher, every reasonable juror would conclude that Gallagher's emails violated § 3604(c).

First, these emails qualify as "statements" under the § 3604(c), because the provision "'applies to all written or oral statements by a person engaged in the rental of a dwelling.'" *Campbell*, 162 F. App'x at 466 (quoting 24 C.F.R. § 100.75(b)) (internal alteration marks omitted).

Second, Gallagher's email-statements that she was "[l]ooking for tenants with no children" and that the Property was an "empty nesters property only" "indicate a[] . . . limitation" and "discrimination," *id.* at 466, based on the protected category of familial status. Under the FHA,

> "Familial status" means one or more individuals (who have not attained the age of 18 years) being domiciled with—(1) a parent or another person having legal custody of such individual or individuals; or (2) the designee of such parent or other person having such custody, with the written permission of such parent or other person.

42 U.S.C. § 3602(k). And these statements would suggest to any ordinary listener that Gallagher was discriminatorily refusing to rent the Property to Czerwinski because Czerwinski lives with her young daughter. *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, 725 F.3d 571, 577 (6th Cir. 2013) ("A[ statement] violates the statute if it suggests to an ordinary reader that a particular group is 'preferred or

dispreferred' for housing because of a prohibited factor listed in the statute.");
*Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 53 (2d Cir. 2015) ("[T]he 'touchstone' of the inquiry is the message conveyed."); *Barrera v. 10535 Lindley LLC*, No. 18-4437, 2019 WL 12361299 (C.D. Cal. Mar. 22, 2019) ("[A] statement violates § 3604(c) if it would suggest an improper preference to an ordinary reader or listener." (internal quotation marks omitted)).

Third, Gallagher made these statements "with respect to the sale or rental of a dwelling." Indeed, Gallagher made the statements in response to Czerwinski's expressions of interest in renting the Property—which expressions Czerwinski made in response to Gallagher's advertising the Property as available for rent on Trulia. So Gallagher's statements "related to the decision of whether or not to rent the property." *Campbell*, 162 F. App'x at 467; *see also Stewart v. Furton*, 774 F.2d 706, 709 (6th Cir. 1985) ("As landlords, the Furtons had actual control over the rental of Crosson's trailer. . . . [T]he Furtons expressed an intention to exercise their control in a discriminatory way. Their control of the premises together with their statement of intention, coupled with the subsequent race-conscious refusal to rent, is part of one chain of events that renders the Furtons liable . . . under § 3604(c) . . . ."); *Gruzdaitis*, 1998 WL 482759, at *3 ("[42 U.S.C. § 3604(c)) gives a Black person the right to inquire about the availability of housing from a housing provider without having to endure racially discriminatory statements.").

**B. 42 U.S.C. § 3603(b)(1) does not exempt Gallagher from liability for violating § 3604(c).**

§ 3603(b) provides:

> Nothing in section 3604 of this title (other than subsection (c)) shall apply to—
>
> (1) any single-family house sold or rented by an owner: Provided, That such private individual owner does not own more than three such single-family houses at any one time: Provided further, That in the case of the sale of any such single-family house by a private individual owner not residing in such house at the time of such sale or who was not the most recent resident of such house prior to such sale, the exemption granted by this subsection shall apply only with respect to one such sale within any twenty-four month period: Provided further, That such bona fide private individual owner does not own any interest in, nor is there owned or reserved on his behalf, under any express or voluntary agreement, title to or any right to all or a portion of the proceeds from the sale or rental of, more than three such single-family houses at any one time: Provided further, That after December 31, 1969, the sale or rental of any such single-family house shall be excepted form the application of this subchapter only if such house is sold or rented (A) without the use in any manner of the sales or rental facilities or the sales or rental services of any real estate broker, agent, or salesman, or of such facilities or services of any person in the business of selling or renting dwellings, or of any employee or agent of any such broker, agent, salesman, or person and (B) without the publication, posting or mailing, after notice, of any advertisement or written notice in violation of section 3604(c) of this title; but nothing in this proviso shall prohibit the use of attorneys, escrow agents, abstractors, title companies, and other such professional assistance as necessary to perfect or transfer title[.]

"The party seeking an exemption to the FHA bears the burden of proving that it is entitled to the exemption." *Fair Hous. Advocs. Ass'n, Inc. v. City of Richmond Heights, Ohio*, 209 F.3d 626, 634 (6th Cir. 2000).

*Arguments*

Both parties appear to agree that Gallagher does not own more than three single-family houses and does not own any interest in (nor is any interest owned or reserved on her behalf in) any proceeds from the sale or rental of more than three single-family houses at any one time.

Gallagher goes on to argue that she rented the Property "without the use in any manner of the sales or rental facilities or the sales or rental services of any real estate broker, agent, or salesman, or of such facilities or services of any person in the business of selling or renting dwellings, or of any employee or agent of any such broker, agent, salesman, or person" and "without the publication, posting or mailing, after notice, of any advertisement or written notice in violation of section 3604(c) of this title." (ECF No. 36, PageID 305–08.) Therefore, she claims that she is "exempt from § 3604 by § 3603(b)(1)." (ECF No. 36, PageID 303) (citing *Mich. Prot. & Advoc. Serv., Inc. v. Babin*, 18 F.3d 337 (6th Cir. 1994)).

Czerwinski argues that § 3603(b)(1) does not cover Gallagher because she used Zillow, which Czerwinski contends is a real estate broker, and because she published, posted, or mailed a written notice in violation of §3604(c). (ECF No. 37, PageID 226–29.)

*Analysis*

The Court finds that § 3603(b)(1) does not exempt Gallagher from § 3604(c).

The very beginning of § 3603(b)(1) specifically states that "[n]othing in section 3604 of this title (*other than subsection (c)*) shall apply to" the exempted situations it then lays out. (Emphasis added.) And both case law and scholarship confirm that this qualification means that § 3603(b)(1) does not offer an exemption from liability under § 3604(c). *See Campbell*, 162 F. App'x at 465 n.7 ("Relying on the plain language of § 3603(b) the [district] court rejected the argument that the exemptions apply to § 3604(c). The Robbs do not challenge this conclusion on appeal." (internal citation omitted)); *United States v. Hunter*, 459 F.2d 205, 213–14 (4th Cir. 1972) ("Section 3603(b) establishes an exemption only from the prohibitions set forth in § 3604(a)(b) and (d). The Act specifically states that subsection (c) of § 3604 shall apply to sellers or lessors of dwellings even though they are otherwise exempted by § 3603(b). The draftsmen of the Act could not have made more explicit their purpose to bar all discriminatory advertisements, even those printed or caused to be printed by persons who are permitted by § 3603(b) to discriminate in selling or renting."); Robert G. Schwemm, *Discriminatory Housing Statements and Section 3604(c): A New Look at the Fair Housing Act's Most Intriguing Provision*, 29 Fordham Urban L.J. 187, 196 (2001) ("The 1968 law also provided four exemptions, none of which protects housing providers from liability under § 3604(c).").

*Babin* does not provide otherwise. That case held that §3603(b) exempted the defendants from § 3604*(f)* claims, but it did not address whether the exemption applied to § 3604*(c)*. *See Babin*, 18 F.3d at 343 ("[T]he district court was correct in granting summary judgment on the §3604(f)(1) claim against Hammonds, since she is exempt from its terms.").

### V. Conclusion

For the reasons listed above, taking the evidence in the light most favorable to the non-moving party, the Court **GRANTS** Czerwinski's Motion for Summary Judgment (ECF No. 35) on her determinative claim under 42 U.S.C. § 3604(c).

The Court **REFERS** the case to Magistrate Judge Curtis Ivy, Jr. to schedule a conference with the parties to discuss settlement of any remaining claims and any damages issues.

**IT IS SO ORDERED.**

Dated: March 14, 2023

s/Paul D. Borman
Paul D. Borman
United States District Judge